Filed 8/27/24  P. v. Elwell CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. AARON PAUL ELWELL, Defendant and Appellant. | F087522 (Super. Ct. No. BF187437A) OPINION |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  J. Eric Bradshaw, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

[*]    Before Levy, Acting P. J., Meehan, J. and DeSantos, J.

**INTRODUCTION**

In 2023, appellant and defendant Aaron Paul Elwell (appellant) pleaded no contest to assault with a semiautomatic firearm, and possession of methamphetamine while armed with a loaded and operable firearm, and admitted prior conviction allegations. He was sentenced to the second strike term of 25 years in prison. On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant filed a letter brief. We review his contentions and affirm the judgment.

**FACTS[1]**

At 7:40 p.m. on September 20, 2021, Bakersfield Police Officer Daniel Corona responded to the gas station on Brundage Lane on the report of a possible shooting. He spoke to Lewis Brewer, who reported that he heard one gunshot coming from the gas station. After the gunshot, Brewer saw "a vehicle traveling southbound on South H Street and an additional vehicle speeding away eastbound from the [gas station] parking lot and collide" into the first vehicle. Corona found one nine-millimeter spent casing near a gas pump.

On September 22, 2021, Officer Steven Ronfeldt was on patrol on Texas Street, and saw a 2013 Volkswagen Jetta (Volkswagen). He observed an apparent bullet strike in the "A pillar" of the front passenger side, adjacent to the front windshield, that was consistent with a bullet hitting the outer frame. The bullet did not penetrate inside the Volkswagen, and there was no projectile in the Volkswagen frame.

---

[1]	The following facts are from the November 22, 2021, preliminary hearing transcript, which the parties stipulated to as the factual basis for appellant's pleas and admissions. The testifying witnesses were Officers Corona and Ronfeldt, and Detective Louis Rodriguez.

**Appellant's Arrest and Statement**

At 9:00 a.m. on September 22, 2021, Rodriguez went to a residence on Sixth Street where appellant lived. Appellant walked out of the house and was arrested. Appellant was searched and did not possess any contraband. Rodriguez advised appellant of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, and appellant answered the questions. He was not under the influence.

Rodriguez asked appellant what happened at the gas station at 7:40 p.m. on September 20, 2021. Rodriguez testified that appellant said, "a female friend by the name of Natalie had contacted him, asking him to retrieve her [Volkswagen]. [Appellant] told me Natalie informed him that she was with a male subject at a motel and she fell asleep inside one of the motel rooms. When she woke up, that male subject was gone along with her [Volkswagen]. [¶] [Appellant] said he agreed to locate her [Volkswagen] for her and believed it was hers because he had seen her in the past driving that [Volkswagen]." Appellant said he located that Volkswagen, "at the [gas station] and there was a subject driving it." The Volkswagen's license plate was the same as the Volkswagen that Ronfeldt later observed.

Appellant said when he saw the Volkswagen at the gas station, "he exited the vehicle he was in and started approaching [it] and yelling at the subject to get out so he can get the [Volkswagen] back. He said at that time the [Volkswagen] started driving away, so he discharged a firearm towards the [Volkswagen], however did not hit it." Appellant said he fired one round and said, "he shot towards the [Volkswagen]; however, he did not hit the [Volkswagen]."

Rodriguez asked appellant what would have happened if he hit the Volkswagen. Appellant replied that he made "a bad decision."

3.

## Search of the Bedroom

A "couple days" after appellant was arrested, Rodriguez and other officers searched the residence on Sixth Street. In the northwest bedroom, they found mail in appellant's name. In that same bedroom, there was a metal box on a dresser. The box contained a nine-millimeter Glock-style semiautomatic pistol, a 10-round magazine, a large baggie containing 5.5 ounces of a substance believed to be methamphetamine, and a digital scale. There were no pipes or narcotics paraphernalia in the house. The scale and amount of narcotics were consistent with possession for sale. Rodriguez examined the firearm and it was operable, and it was consistent with the type of weapon that fired the spent casing found at the gas station.

## Appellant's Second Statement

Rodriguez interviewed appellant again after the search, and asked about the firearm and narcotics found in the bedroom. Appellant did not believe he found these items and asked to see them. Rodriguez showed him the evidence. Appellant then said "the firearm and the narcotics were his." Rodriguez asked appellant if that was the same firearm he used when he fired at the Volkswagen at the gas station, and appellant said it was.

## PROCEDURAL BACKGROUND

On November 23, 2021, an information was filed in the Superior Court of Kern County charging appellant with the following offenses committed on or about September 20, 2021: count 1, assault with a semiautomatic firearm, a nine-millimeter firearm, on John Doe (Pen. Code,[2] § 245, subd. (b)); and count 2, maliciously discharging a firearm at a motor vehicle occupied by John Doe (§ 246).

He was also charged with counts 3 and 4, felon in possession of a firearm (§§ 29800, subd. (a)(1), 29805); count 5, felon in possession of ammunition (§ 30305,

---

[2]    All further statutory citations are to the Penal Code unless otherwise indicated.

subd. (a)(1)); count 6, possession of methamphetamine while armed with a loaded and operable firearm (Health & Saf. Code, §11370.1, subd. (a)); and count 7, possession of methamphetamine for sale (Health & Saf. Code, §11378).

As to count 1, it was alleged appellant personally and intentionally discharged a firearm (§§ 12022.53, subd. (c), 12022.5, subd. (a)); and as to count 6, he was armed with a firearm (§ 12022, subd. (a)(1)). As to all counts, it was alleged he had three prior strike convictions (§§ 667, subds. (c)−(j) & 1170.12, subds. (a)−(e)) and three prior serious felony conviction enhancements (§ 667, subd. (a)).

**Plea Proceedings**

On October 27, 2023, the trial court conducted a change-of-plea hearing. The parties advised the court that appellant would plead no contest to count 1, assault with a semiautomatic firearm, and count 6, possession of methamphetamine while armed with a loaded and operable firearm. The parties also advised the court that one of the prior strike convictions was invalid. Appellant would admit one prior serious felony conviction enhancement and the two remaining prior strikes, and one of those strikes would be dismissed; and he would receive an aggregate term of 25 years.

Thereafter, appellant pleaded no contest to counts 1 and 6, admitted one prior serious felony conviction, and admitted two prior strike convictions. The parties stipulated to the preliminary hearing transcript and/or the police reports for the factual basis for the pleas, and the trial court dismissed the remaining charges and enhancements.

**Sentencing**

On November 29, 2023, the trial court conducted the sentencing hearing, and dismissed one of the two prior strike convictions. The court imposed the stipulated aggregate sentence of 25 years based on the upper term of nine years for count 1, doubled to 18 years as the second strike term, plus five years for the prior serious felony conviction enhancement; and a consecutive term of one year (one-third the midterm), doubled to two years, for count 6.

Appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also includes counsel's declaration that appellant was advised he could file his own brief with this court. This court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues.

On July 18, 2024, appellant filed a letter brief and raises several issues about the search and the validity of his convictions. We note that appellant never filed a motion to suppress evidence or a motion to withdraw his plea. Nevertheless, we briefly address his contentions.

## A. Appellant's Pleas and Convictions

Appellant complains he should not have been convicted of assault with a firearm because "all I did was unlawfully discharge[] a firearm [*sic*] dwelling at an occupied motor vehicle" that carried a sentence of three, five, or seven years. Appellant is apparently referring to section 246, which states: "Any person who shall maliciously and willfully discharge a firearm at an inhabited dwelling house, occupied building, occupied motor vehicle … is guilty of a felony, and upon conviction shall be punished by imprisonment in the state prison for three, five, or seven years, or by imprisonment in the county jail for a term of not less than six months and not exceeding one year." (§ 246.)

In count 2, however, appellant *was* charged with violating section 246 on or about September 20, 2021, when he shot at the Volkswagen. Appellant pleaded no contest to count 1, assault with a firearm, and as part of his plea agreement, the trial court dismissed count 2.

Appellant next states that he only had his wallet and keys when he was arrested, he did not have drugs or a firearm, and he could not be charged with possession of a firearm and narcotics. Appellant also complains that no witness or victim appeared in trial court to identify him as the shooter.

6.

At the plea hearing, the parties stipulated to the preliminary hearing transcript as part of the factual basis for his plea.  The witnesses at that hearing were the three investigating officers, as summarized above.  An officer's hearsay testimony is admissible at a preliminary hearing for the trial court to make the probable cause determination.  (*People v. Miranda* (2000) 23 Cal.4th 340, 347−348.)  Rodriguez testified about appellant's statements to him—that appellant admitted he confronted the person driving the Volkswagen at the gas station and he fired a shot at the Volkswagen.  Rodriguez testified that when he showed appellant the firearm and drugs found in the bedroom, appellant admitted the firearm and narcotics belonged to him.

Appellant further asserts he only took the plea because the police officers were "crooked."  As noted, appellant never filed a motion to withdraw his plea and this claim is not cognizable in this appeal.

## B.  Search of the House

Appellant argues that "when the cops hit my parole address," there was no warrant for his arrest; the homeowner never gave permission to search the house or open the lock box; the officers did not have a search warrant; the lock box was in the homeowner's bedroom and not in his bedroom; "my parole agent knew where my bedroom was at," and appellant did not have the key or access to the lock box.

Appellant did not file a suppression motion and he has waived review of this claim.  However, appellant's appellate challenges to the search are undermined by his own arguments, which suggest the reason why a suppression motion was not filed.  In his letter brief, appellant states he was on parole, he had a parole agent, and the officers searched his parole address.  A parole search clause is an exception to the warrant requirement.  (*People v. Schmitz* (2012) 55 Cal.4th 909, 916.)  An inmate released on parole is advised "that he or she is subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search

warrant or with or without cause." (§3067, subds. (a), (b)(3).) A suppression motion would have likely been denied.

## C. Ineffective Assistance

Appellant next asserts his attorney never obtained or showed him photographs that proved the Volkswagen was hit by a bullet. Appellant further states his attorney never filed a motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 for officer personnel records, because Rodriguez was purportedly arrested for driving under the influence.

As to the photographs, appellant admitted to Rodriguez that he fired a shot at the Volkswagen. To the extent appellant's contentions raise claims of ineffective assistance of counsel, we note he made three motions for appointment of a new attorney pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 prior to entering his plea.

If a defendant raises a *Marsden* issue on appeal, or an issue related to *Marsden*, the previously sealed transcript of the *in camera* hearing is subject to disclosure. (See California Rules of Court, rule 8.47; *People v. Knight* (2015) 239 Cal.App.4th 1, 7−8.) We decline to unseal the transcripts of the *Marsden* hearings, except to note that the trial court conducted in camera hearings and denied his motions on November 19, 2021 (just before the preliminary hearing) and on June 28, 2023. Appellant's third motion and hearing was on October 4, 2023, the court granted the motion and appointed a new attorney, and appellant entered his plea on October 27, 2023. Thereafter, appellant did not file a motion to withdraw his plea or raise any of these issues, even at the time of sentencing.

"We have repeatedly stressed 'that "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] … unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] [¶] A claim of

ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266−267.)

## **DISPOSITION**

The judgment is affirmed.